United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

NATIONAL GENERAL INSURANCE, et al.,

Defendants.

Case No. 26-cv-05505-WHO

**ORDER ADOPTING REPORT & RECOMMENDATION DISMISSING CASE WITHOUT PREJUDICE**

Re: Dkt. No. 8

*Pro se* plaintiff Eugene Hart, Jr. ("Hart") filed this complaint on June 8, 2026, bringing claims against Lynette Lewis, Oneita Erhart, and Vernon Gains. *See* Complaint ("Compl.") [Dkt. No. 1] at 1–2. He also filed a motion for leave to proceed *in forma pauperis* ("IFP") that same day. *See* Dkt. No. 3. The Hon. Thomas S. Hixson screened the complaint on June 11, 2026, under 28 U.S.C. § 1915(a), finding it deficient. *See* Order Granting Plaintiff's Application to Proceed IFP and Screening Complaint [Dkt. No. 4]. There, Judge Hixson found the allegations "largely incomprehensible," which he relayed as follows:

> Plaintiff alleges that the events underlying this action began in 2017, when he obtained liability insurance for his Toyota and was employed at Noah's Bagels in San Francisco. [Compl.] at 3. Plaintiff contends he was offered food at work by his manager, identified as Latisha James, consumed it, and after his shift drove through the Geary Street Tunnel where he passed out twice, first striking a guardrail and then a parked car occupied by a woman and child. *Id.* at 3-4. Plaintiff states he had liability insurance at the time but did not report the crash because he feared losing his driver's license. *Id.* at 4. Plaintiff alleges he waited approximately two to four years before contacting an insurer to inquire about the incident and was told there was no information regarding his personal information or policy number on file. *Id.*
>
> Plaintiff further alleges that, after he lost his car and it was purchased at auction, a corporate entity attempted to claim his accident as if it were the injured party, that someone falsely claimed to be him and

> submitted an insurance claim, and that an insurance company paid out on that claim. *Id.* at 5, 8. Plaintiff asserts he was the only person in his car at the time of the accident and suspects wrongdoing, including fraud and a conspiracy, by various individuals identified in the complaint. *Id.* Plaintiff states he did not receive medical treatment after the crash, paid for car repairs out of pocket, and did not initially involve his insurer. *Id.* at 4-5, 6. Plaintiff also alleges he was later informed there were no records related to him in the insurer's system concerning the accident, that his car was stolen and rummaged, and that a false report was made regarding the accident, with a claim purportedly paid "up to $100,000.00 dollars and more." *Id.* at 8. Plaintiff contends "The General" insurance company lied to him to cover up a mistake and acted deceptively. *Id.* at 8.
>
> In the section labeled "Claims," Plaintiff lists "Rule of Law, Human Rights Violations" and "Fraud," and identifies various individuals whom he alleges engaged in fraud, false police reporting, or conspiracy related to the accident and insurance claim. *Id.* at 5-6. In the "Demand for Relief," Plaintiff requests, among other things, that judgments "be decided and moved forward," "[t]o be freed from corporate UCC contracts" in which he "wasn't directly involved," and "[t]o hold everyone accountable for what each person done." *Id.* at 7.

*Id.* at 1–3. Judge Hixson ultimately found that Hart asserted no claim arising under federal law, despite invoking federal question jurisdiction. *Id.* at 5. He also concluded that Hart's shotgun pleading was insufficient under Federal Rule 8. *Id.* at 5–7. Finally, Judge Hixson warned that because the dates of the complaint dated back to 2017, "much, if not all, of Plaintiff's complaint [would likely be] time-barred." *Id.* at 7. Judge Hixson gave Hart until July 10, 2026, to file an Amended Complaint. *Id.* at 8.

Hart failed to respond. Accordingly, Judge Hixson issued an Order to Show Cause on July 17, 2026, requiring Hart to show why this case should not be dismissed for failure to prosecute. *See* Order to Show Cause [Dkt. No. 7]. Hart again did not respond. This led Judge Hixson to issue a Report and Recommendation ("R&R"), recommending that this case be dismissed without prejudice for failure to prosecute. *See* Request for Reassignment with R&R [Dkt. No. 8] at 4–5.

Having reviewed the docket and Judge Hixson's R&R, I ADOPT the R&R in full. Judge Hixson properly identified the legal standard governing *sua sponte* dismissal in this circuit, which requires courts to consider whether at least four of the following factors are met: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d

United States District Court
Northern District of California

639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (dismissal appropriate where "at least four factors support dismissal, or where at least three factors strongly support dismissal"); *see* R&R at 2.

Judge Hixson did not err in applying these factors. The first factor weighs in favor of dismissal because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted). Second, the court's need to manage its docket favors dismissal, as "[k]eeping a case like this open on the docket, where Plaintiff failed to move the case forward, burdens the Court and clutters the docket." R&R at 2. The third factor—risk of prejudice—slightly favors dismissal, as there is a risk that delay would prejudice the named defendants. *Id.* at 3. Moreover, because Judge Hixson repeatedly warned Hart of the deficiencies in his complaint and the risk of dismissal, "another order requiring a response is likely to be futile." *Id.* The fourth factor therefore weighs in favor of dismissal. *See id.* And because Hart failed to move this case forward on the merits, the final factor—considering the "public policy favoring disposition of cases on their merits"—does not weigh in his favor. *Pagtalunan*, 291 F.3d at 642.

Taken together, at least four of the five factors above weigh in favor of dismissal. Accordingly, I ADOPT Judge Hixson's R&R in full and DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders. The Clerk is instructed to close this case.

**IT IS SO ORDERED.**

Dated: September 10, 2026

William H. Orrick
United States District Judge